IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ZACHERY SCOTT KEESEE**                                              **PLAINTIFF**
**ADC #175621**

v.                              **CASE NO. 4:23-CV-01158-BSM**

**TRAVIS L. EDDLEMAN**                                                **DEFENDANT**

## ORDER

Zachery Keesee's 42 U.S.C. section 1983 claim against Travis Eddleman is dismissed with prejudice *sua sponte* because it is precluded. *See Emerald Pointe, LLC v. Taney Cnty. Mo.*, 78 F.4th 428, 432-33 (8th Cir. 2023) (claims can be dismissed *sua sponte* to avoid litigating claims that were dismissed in a prior suit).

Keesee is precluded from relitigating whether Eddleman acted as a federal task force member while obtaining Keesee's cellular and electronic data because this issue was resolved in his previous lawsuit against Eddleman and others for obtaining his cellular and electronic data. *See Keesee v. Johnson et al.*, Case No. 4:22-cv-00002-BSM (E.D. Ark.) ("*Keesee I*"); Order Granting Eddleman's Mot. Dismiss 6–8, Doc. No. 180 (*Keesee I*). Relitigation of issues is barred when the issues (1) are the same as those involved in the prior litigation; (2) were actually litigated; (3) were determined by a valid and final judgment; and (4) were essential to the judgment. *Craven v. Fulton Sanitation Serv., Inc.*, 206 S.W.3d 842, 844 (Ark. 2005); *Doe Run Res. Corp. v. St. Paul Fire & Marine Ins. Co.*, 48 F.4th 574, 579 (8th Cir. 2022) (the law of the forum state that rendered the first judgment governs). *See* Transcript of October 4 Hearing 5–6, Doc. No. 181 (*Keesee I*); Order Granting Eddleman's

Mot. Dismiss 6–8.  Moreover, the issue was thoroughly briefed and an evidentiary hearing was held on it.  Eddleman's Br. Supp. Mot. Dismiss 21–32, Doc. No. 155 (*Keesee I*); Pl.'s Br. Supp. Resp. Mot. Dismiss 10–11, Doc. No. 162 (*Keesee I*); October 4 Hearing (*Keesee I*).  A final judgment was entered in which Eddleman's acquisition of Keesee's electronic and cellular data was addressed and to which Eddleman's status as a federal actor was essential.  Order Granting Eddleman's Mot. to Dismiss 6–8.

Keesee is also bringing several state tort claims.  When a federal employee is sued for state torts, the Federal Tort Claims Act ("FTCA") authorizes the U.S. Attorney for the relevant district to substitute the United States as the defendant by certifying that the employee is being sued for acts in the course and scope of his duties.  28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4(a).  The FTCA applies equally to members of federal task forces like Eddleman.  *Askar v. Hennepin Cnty.*, 600 F. Supp. 3d 948, 954–55 (D. Minn. 2022).  The U.S. Attorney's Office represented Eddleman in *Keesee I* but has not yet entered an appearance in this case.  A determination that Eddleman's challenged conduct occurred in the course and scope of his federal duties for purposes of the FTCA is therefore not made at this time.

IT IS SO ORDERED this 26th day of January, 2024.

UNITED STATES DISTRICT JUDGE