IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ZACHERY SCOTT KEESEE**     **PLAINTIFF**
**ADC #175621**

v.     **CASE NO. 4:23-CV-01158-BSM**

**UNITED STATES OF AMERICA**     **DEFENDANT**

## ORDER

Viewing the United States' motion to dismiss [Doc. No. 23] as a motion for summary judgment, the motion is granted and Zachery Keesee's claims are dismissed with prejudice.

## I. BACKGROUND

Keesee is an inmate serving a life sentence in Arkansas state prison for a capital murder conviction. Keesee originally sued Travis Eddleman, a former Special Deputy U.S. Marshal in the U.S. Marshals Service Eastern District of Arkansas Fugitive Task Force, for allegedly violating his statutory and constitutional rights by obtaining several court orders permitting collection of his cellular and electronic data. Sec. Am. Compl. 60–70, Doc. No. 49, *Keesee v. Johnson et al.*, Case No. 4:22-cv-00002-BSM (E.D. Ark.) ("*Keesee I*"). Those claims were dismissed after a hearing in which it was determined that Eddleman obtained the orders and collected Keesee's data pursuant to a valid order and in his capacity as a Special Deputy U.S. Marshal. Order Granting Mot. Dismiss 1, 4–7, Doc. No. 180 (*Keesee I*).

Keesee promptly sued Eddleman again, alleging more constitutional violations as well as state tort claims. Compl., Doc. No. 2. Keesee's constitutional claims were dismissed because he was precluded from relitigating them by the order of dismissal in *Keesee I*. *See*

Order Dismissing Const'l Claims, Doc. No. 9. He then amended his complaint to allege only tort claims. *See* Sec. Am. Compl., Doc. No. 14. The United States has entered an appearance , arguing that it must be substituted for Eddleman under the Federal Tort Claims Act ("FTCA"), and moves to dismiss, or in the alternative, for summary judgment. Br. Supp. Mot. Dismiss 1, 7–8, Doc. No. 24.

## II. LEGAL STANDARD

A motion to dismiss is converted into a motion for summary judgment when the court relies on materials outside the pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011). Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A. <u>Substitution of the United States</u>

Keesee has brought several tort claims against Eddleman. His first two claims are

actually constitutional claims framed as torts and are precluded by the order of dismissal in *Keesee I*. *See* Sec. Am. Compl. ¶¶ 23–44; Order Dismissing Const'l Claims; Order Granting Mot. Dismiss 6–8 (*Keesee I*). Summary judgment is therefore entered on these claims.

As a Special Deputy U.S. Marshal, Eddleman was a federal employee covered by the FTCA. *See Askar v. Hennepin Cnty.*, 600 F. Supp. 3d 948, 954–55 (D. Minn. 2022) (members of federal task force were federal employees to which the FTCA applied). Under the FTCA, the U.S. Attorney for the Eastern District of Arkansas may substitute the United States as the defendant by certifying that Eddleman is being sued for acts within the scope of his employment. 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4(a). The U.S. Attorney has done so. *See* Reply Ex. 1, Doc. No. 32-1. This certification is "prima facie evidence that the employee's challenged conduct was within the scope of employ." *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991). Keesee has the burden of proving that Eddleman was not acting within the scope of employment, which he may establish with "specific facts rebutting the government's scope-of-employment certification." *Id.*

The United States is properly substituted for Eddleman because Keesee has failed to rebut the U.S. Attorney's certification that Eddleman acted within the scope of his employment as a Special Deputy U.S. Marshal. An employee acts within the scope of employment when he carries out the purpose, or advances the interest of his employer at the times and in the places he is required to work. *See Harvey v. Univ. of Ark.*, 685 S.W.3d 341, 345 (Ark. Ct. App. 2024). Keesee argues that Eddleman did not act within the scope of his employment because the U.S. Marshals Service had not adopted the case at the time

3

Eddleman obtained the orders and collected Keesee's data. In support of this argument, Keesee points out that there was not an active warrant for Keesee's arrest at the time Eddleman took the actions at issue here. Br. Supp. Resp. Mot. Dismiss 7–9, Doc. No. 28. These arguments are not persuasive because Eddleman's duties as Special Deputy U.S. Marshal were to locate and apprehend fugitives and that is exactly what he was doing when he obtained warrants for Keesee and collected his cellular and electronic data. *See* Order Dismissing Const'l Claims; Order Granting Mot. Dismiss 6–7 (*Keesee I*).

      B.      <u>Statute of Limitations and Equitable Tolling</u>

Keesee's claims are subject to the FTCA's two-year statute of limitations. 28 U.S.C. § 2401(b); *T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006) (for FTCA claim to be timely, an administrative claim must be filed with the appropriate agency within two years after it accrues). A cause of action under the FTCA "generally accrues when the plaintiff is injured, but might not accrue until the plaintiff knows or reasonably should know of both an injury's existence and its cause." *Flores v. United States*, 689 F.3d 894, 901 (8th Cir. 2012) (citation omitted); *see Garza v. U.S. Bureau of Prisons*, 284 F.3d 930, 934 (8th Cir. 2002) (noting that this discovery rule has applied in "a diverse array of tort claims").

Keesee's injury occurred on May 8, 2018, when the state court judge signed the order permitting access to Keesee's cellular and electronic data (the "Order"). *See* Br. Supp. Mot. Dismiss Ex. 4, Doc. No. 24-4. No later than February 13, 2020, Keesee learned or reasonably should have learned of the existence and cause of his injury, and his claims accrued. This is true because he received an unsigned copy of the Order and cellular/location

data obtained pursuant to it on August 27, 2018 and January 10, 2020, respectively, filed a motion to suppress that data on January 31, 2020, and participated in a February 13, 2020 hearing on that motion that included discussion of how the data was obtained. Declaration of John Hout ¶¶ 5–8, Doc. No. 24-1. It is noted that the unsigned copy of the Order contained some non-substantive formatting differences from the signed Order and lacked the issuing judge's name. *Compare* Hout Decl. Ex. C *with* Br. Supp. Mot. Dismiss Ex. 4. But despite these differences, receipt of the copy of the Order and information obtained pursuant to it placed Keesee on notice of the basis of his claims—that Eddleman had made representations to a court to obtain an order letting him collect Keesee's cellular/location data. *See* Sec. Am. Compl. ¶¶ 45–68. Keesee did not file an administrative claim with the U.S. Marshals Service until February 12, 2024. Sec. Am. Compl. ¶ 24; Declaration of Jennifer Bryan ¶¶ 6–11, Doc. No. 24-7. His claims are therefore time-barred.

Equitable tolling does not preserve Keesee's claim because a reasonable person in his position would have been aware of the existence of his claim no later than February 13, 2020. His claim could be equitably tolled only until a reasonable person in his situation would have become aware that it existed. *See Jackson v. United States*, 488 F. Supp. 3d 818, 824 (E.D. Ark. 2020); *see also Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018) (plaintiff must show that for duration of period to be tolled he was "unable to obtain vital information bearing on the existence of his claim") (cleaned up). This standard is essentially the same as the discovery rule just applied, and produces the same outcome. Even if Keesee's claim is equitably tolled, it would only be tolled until February

13, 2020. This does not affect the outcome because Keesee did not file his claim for another four years.

## IV. CONCLUSION

For these reasons, the motion for summary judgment is granted and Keesee's claims are dismissed with prejudice.

IT IS SO ORDERED this 22nd day of July, 2024.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE